**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSE RODRIGUEZ HERNANDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:26-CV-289** |
| | § | |
| **CHARLOTTE COLLINS, Warden, T.** | § | |
| **Don Hutto Detention Center, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jose Rodriguez Hernandez ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on February 5, 2026. Dkt. No. 1. On February 9, 2026, this Court ordered the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 5. Respondents filed their response on February 12, 2026. Dkt. No. 6. Petitioner replied on February 14, 2026. Dkt. No. 8. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

### I.    BACKGROUND

Petitioner is detained at the T. Don Hutto Detention Center in Taylor, Texas. Dkt. No. 1 ¶ 1. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") in January 2026. *Id.* ¶ 30. Petitioner is a citizen of Mexico and has resided in the United States since May 2015. *Id.* ¶ 20. Petitioner has never been convicted of a crime, has never been charged with any offense, and is not alleged to be removable on any criminal or terrorism related ground. *Id.* ¶ 42.

1

## II.    DISCUSSION

### A.  Statutory Challenges

Petitioner argues that his detention pursuant to 8 U.S.C. § 1225 and the Board of Immigration Appeal's (BIA) decision in *Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025)*, is unlawful. Petitioner argues that he is eligible for discretionary release on bond during removal proceedings because 8 U.S.C. § 1226(a) applies in this case. Respondents argue that Petitioner is properly detained subject to § 1225 and that the Fifth Circuit has recently rejected Petitioner's argument in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. See Dkt. No. 6 at 1 (citing No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)).

The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226. The Fifth Circuit found the government's interpretation and application of the relevant statutes is correct. *See Buenrostro-Mendez*, at *1. Therefore, the Fifth Circuit held that the petitioners in *Buenrostro-Mendez* were lawfully detained under § 1225 and denied bond hearings or release. *See id.*

In *Buenrostro-Mendez*, the Fifth Circuit held that the Immigration and Nationality Act's ("INA") mandatory detention provision in § 1225(b)(2) "operates as a catchall provision that applies to all applicants for admission not covered by INA provision governing detention of noncitizens seeking asylum." *Id.* at *2. The *Buenrostro-Mendez* court explained that § 1225(b)(2) "does not include any exception that permits the government to release detained aliens on bond." *Id.* The *Buenrostro-Mendez* court ultimately concluded that the INA's mandatory detention provision applied to "applicants for admission"—which covered the petitioners who had entered the US illegally several decades before being detained and having immigration proceedings

2

commenced. *Id.* This Court follows the Fifth Circuit's interpretation and application of the relevant statutes.

### B. Constitutional Challenges

Petitioner also brings several due process claims to argue his detention is unlawful. Petitioner argues his/her procedural due process rights are violated by a categorical denial of bond hearings to noncitizens in Petitioner's situation. Dkt. No. 1 ¶¶ 53-58. Petitioner argues that his detention is unlawful because he is subjected to mandatory detention provisions which "did not apply to him at the time of his detention." *See id.* ¶ 57. Petitioner cites *Zadvydas v. Davis* in support of his constitutional argument. *Id.* ¶ 54 (citing 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)).

Respondents argue that Petitioner is receiving due process afforded through removal proceedings in immigration court. Dkt. No. 6 at 10. Respondents cite *Department of Homeland Sec. v. Thuraissigiam* to argue the Supreme Court upheld the facial constitutionality of § 1225(b) and found that applicants for admission are entitled only to the protections set forth by statute in the INA. *Id.* (citing 591 U.S. 103, 140 S. Ct. 1959, 207 L. Ed. 2d 427 (2020)). Respondents also argue that *Zadvydas* does not apply here and cite to the Fifth Circuit's recent decision. The Fifth Circuit in *Buenrostro-Mendez* found that *Zadyvdas* "has no direct application to aliens who are detained and being given due process during removal proceedings." *Buenrostro-Mendez*, at *9. Therefore, the Fifth Circuit was not swayed by petitioners' claims of potential abuse of detention pending removal proceedings under § 1225(b)(2)(A). *Id.*

The Court agrees with Respondents and finds that Petitioner's constitutional arguments fail. The Supreme Court recognizes a "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal

3

proceedings[.]" *Demore v. Kim*, 538 U.S. 510, 526 (2003) 538 U.S. 510, 526, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).  Substantive due process protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.' " *Dep't of State v. Muñoz*, 602 U.S. 899, 910, 144 S.Ct. 1812, 219 L.Ed.2d 507 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997)). The Court is not persuaded that substantive due process requires a bond hearing for Petitioner. Further, the Court agrees with Respondents that procedural due process does not entitle Petitioner to a bond hearing. As an "applicant for admission," Petitioner has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140, 140 S.Ct. 1959.

**C. APA Challenges**

Finally, Petitioner alleges that Respondents' application of § 1225(b)(2) to categorically deny Petitioner access to a bond hearing is arbitrary, capricious, and not in accordance with law. Dkt. No. 1 ¶ 63. Petitioner's claim argues this is a violation of the Administrative Procedure Act ("APA") and cites 5 U.S.C. § 706(2). *Id.* Respondents argue that Petitioner may not assert a claim under the APA for three reasons: (i) there is no final agency decision being challenged; (ii) an APA claim is not cognizable in the habeas context; and (iii) Petitioner did not pay the filing fee for non-habeas claims. Dkt. No. 6 at 13-14.

When review of an agency action is sought under the general review provisions of the APA, the "agency action" in question must be "final agency action." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (quoting 5 U.S.C. § 704) ("Agency action made reviewable by statute and *final* agency action for which there is no other adequate remedy in a court are subject to judicial review.") (emphasis added). "Agency action must meet two conditions to be final: (1) 'the action must mark the 'consummation' of the agency's decisionmaking process' and (2) 'the action

must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.' " *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999)). Where there is no final agency action, federal courts lack subject matter jurisdiction. *Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011).

Here, the Court finds that it does not have jurisdiction to review Petitioner's APA claim because detention does not constitute a final agency action. *See Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *6 (W.D. Tex. Oct. 2, 2025) (addressing the lack of jurisdiction to review APA claims from a habeas petitioner).

### III.    CONCLUSION

The Court therefore finds that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) should be **DENIED.** All other relief sought is hereby denied.

**SIGNED** on March 9, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE